| |
|---|
| **ARK 301 v Diocese of Brooklyn** |
| 2024 NY Slip Op 33419(U) |
| September 26, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 512965/2020 |
| Judge: Sabrina B. Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# KINGS COUNTY

PRESENT: **HON. SABRINA B. KRAUS**        PART        57

*Justice*

--------------------------------------------------------------------------X

ARK 301,

                 Plaintiff,

DIOCESE OF BROOKLYN a/k/a THE ROMAN CATHOLIC
DIOCESE OF BROOKLYN, NEW YORK; DICOESE OF
BURLINGTON a/k/a THE ROMAN CATHOLIC DICOESE
OF BURLINGTON, VERMONT; BROTHERS OF THE
SACRED HEART a/k/a BROTHERS OF THE SACRED
HEART PROVINCE OF NEW YORK a/k/a THE PROVINCE
OF THE UNITED STATES OF THE BROTHERS OF THE
SACRED HEART, INC. a/k/a BROTHERS OF THE
SACRED HEART OF NEW JERSEY/NEW YORK, INC;
MONSIGNOR MCCLANCY a/k/a MONSIGNOR
MCCLANCY MEMORIAL HIGH SCHOOL; and DOES 1-5
whose identities are unknown to Plaintiff

                 Defendants.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 512965/2020 |
| MOTION DATE | 7/17/2024 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 130-146
were read on this motion to/for          Motion to Dismiss       .

## BACKGROUND

Plaintiff commenced the instant action by filing a summons and complaint on July 21,
2020, which alleges that from approximately 1981 to 1984, when Plaintiff was approximately 14
to 17 years old, Plaintiff attended Monsignor McClancy Memorial High School, within the
Diocese of Brooklyn, where he was sexually assaulted by Father Leo J. Courcy, Jr ("Courcy").

As this action relates to the Diocese of Burlington, Plaintiff alleges that Courcy was
ordained as a Priest by the Diocese of Burlington in May 1962 and served as a Priest in parishes
of the Diocese of Burlington from approximately 1962 to February 1965. Thereafter the Diocese

of Burlington received credible allegations of child sexual abuse by Courcy, who was placed on a leave of absence for a year before returning to active duty from approximately February 1966 to December, 1966.

Thereafter, Courcy was sent to Jemez Springs, New Mexico, where a Catholic Order known as the Servants of the Paraclete operated a treatment center for pedophile priests. Courcy remained in New Mexico until June 1970, before serving as a priest in Amarillo, Texas and thereafter returning to active assignments in parishes in the Diocese of Burlington, in or about January 1971.

Plaintiff alleges that by the time of Courcy's return to service in the Diocese of Burlington, that said Diocese "knew with substantial certainty that Father Courcy would engage in child sexual abuse in his assignments as a Priest." Courcy was transferred to the Archdiocese of New York in or about the late 1970s, remaining under the supervision and control of the Archdiocese of Burlington. Courcy continued to function as a priest until the Diocese removed his faculties while he was assigned to St. Augustine Parish in New York City in 1993.

In 2009, the Diocese of Burlington, and then-bishop of the Diocese of Burlington, Salvatore Matano, laicized, or removed Courcy from the priesthood.

## DISCUSSION

The issue of whether the Court can exercise long arm jurisdiction over the Burlington Diocese for alleged abuse by Father Courcy, one of its ordained priests has been the subject of much motion practice in this and related actions.

Pursuant to a decision and order dated March 9, 2023, the Court (Love, J) dismissed this action as against the Diocese of Burlington finding that there was no jurisdiction over the out of state entity.

[* 2]

Pursuant to a decision and order issued by this Court on October 5, 2023, this Court granted plaintiff's motion for reargument, vacated the dismissal order and allowed for jurisdictional discovery.

Jurisdictional discovery has now been completed and the Diocese of Burlington has renewed its motion to dismiss based on lack of jurisdiction. The motion is denied.

In a recent case, directly on point, the Appellate Division, First Department, reversed Justice Love's dismissal against the Diocese of Burlington, finding there was jurisdiction. The Court held in pertinent part:

> Plaintiff brings this action under CPLR 214-g, the Child Victims Act. He alleges that a Catholic priest (the Priest) sexually assaulted him in the mid-1980s, when he was between 11 and 12 years old and a parishioner at defendant St. Francis de Chantal Roman Catholic Church. According to the allegations in the complaint, while the Priest was assigned to a parish in New York, he was employed by defendant Diocese of Burlington, which had actual knowledge of his history of sexually abusing children.
>
> Accepting as true the facts alleged (*see Rushaid v Pictet & Cie*, 28 NY3d 316, 327 [2016]), plaintiff has made a prima facie showing that Diocese of Burlington is subject to personal jurisdiction under CPLR 302(a)(1) (*see PC-16 Doe v Hill Regional Career High School*, 223 AD3d 518, 519 [1st Dept 2024]). Plaintiff alleges that Diocese of Burlington exercised supervision and control over the Priest, placing him on an indefinite, long-term assignment in New York to provide Catholic clergy services to parishioners in New York, including plaintiff even though it knew that he was a sexual predator. Plaintiff also alleges that during this period and in connection with those priestly duties, the Priest sexually assaulted plaintiff on multiple occasions. Therefore, plaintiff adequately alleges that Diocese of Burlington engaged in "purposeful activity" in New York, and that there is a "substantial relationship between the transaction and the claim asserted" (*id.*). While Diocese of Burlington denies that it has ever transacted business in New York, it did not submit any evidence to refute plaintiff's allegations concerning its employment relationship with the Priest and its ability to supervise and control him throughout the relevant period.
>
> Further, "the exercise of long-arm jurisdiction over defendants per CPLR 302(a)(1) comports with due process, as it must" (*id.* at 520). For the reasons stated, "plaintiff adequately alleged Diocese of Burlington's 'minimum contacts' with New York, in the form of their purposeful availment of the privilege of conducting activities here, thus invoking the protections and benefits of New York's laws" (*id.*). Diocese of Burlington "failed to present a compelling case that some other consideration would render jurisdiction unreasonable" (*id.* [internal quotation marks omitted]).

512965/2020 ARK301 DOE V THE ROMAN CATHOLIC DIOCESE OF BROOKLYN ET AL
MOTION NO.007
Page 3 of 4

We have considered Diocese of Burlington's remaining arguments and find them unavailing.

*VZ v Roman Catholic Diocese of Burlington* 2024 NY Slip Op 04631 (1st Dept).

Based on the foregoing, the motion is denied for the reasons stated by the Appellate Division in the related action.

WHEREFORE it is hereby:

ORDERED that the motion is denied in its entirety; and it is further

ORDERED that movant serve and file an answer within 20 days of receipt of this decision with notice of entry; and it is further

ORDERED that counsel appear for a virtual compliance conference on November 1, 2024 at 2pm.

This constitutes the decision and order of the Court.

| 9/26/24 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | HON. SABRINA B. KRAUS, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

[* 4]